## (September 9, 1965)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CLARENCE J. RESSLER, Appellant.— Motion to amend decision and resettle order granted; decision dated July 26, 1965 (24 A D 2d 7) amended to read " Judgment reversed on the law and new trial ordered "; decretal paragraph of order entered July 30, 1965 resettled to provide " Ordered that the judgment of conviction be and the same hereby is reversed and a new trial ordered on the law only. Questions of fact have been considered and all findings of fact made by the court below have been affirmed." Herlihy, J. P., Reynolds, Taylor, Aulisi and Hamm, JJ., concur.

## (September 17, 1965)

■ HELEN S. TRIPP, Respondent, v. HAROLD A. TRIPP, Appellant.— Motion for a stay of enforcement of order referred to Hon. JAMES GIBSON, Presiding Justice of this court, for consideration. (Family Ct. Act, § 1014.) Gibson, P. J., Herlihy, Reynolds, Taylor and Hamm, JJ., concur.

## (September 21, 1965)

■ HENRY LEWKOWICZ et al., Appellants, v. STATE OF NEW YORK, Respondent. (Claim Nos. 37900, 42633.) — MEMORANDUM BY THE COURT. Appeal by claimants from a judgment of the Court of Claims awarding damages for the appropriation of lands for highway purposes. Following the oral argument, we withheld determination of the appeal and remanded the case to the trial court for adequate findings. (23 A D 2d 915.) Additional findings have now been filed, but we find the award inadequate. The State submitted no adequate proof of value on the basis of the potential commercial use which subsequently the trial court properly found; and we agree with the Court of Claims that the valuations by claimants' expert were somewhat excessive. We find that claimants sustained direct damage of $7,000 and consequential damage of $38,000; and that the value of their property before the taking was $50,000 and after the taking was $5,000. Claimants' contentions additional to those regarding adequacy seem to us insubstantial. Judgment modified, on the law and the facts, so as to increase the award to $45,000 and appropriate interest, and, as so modified, affirmed, with costs to appellants. Gibson, P. J., Herlihy, Reynolds, Taylor and Hamm, JJ., concur.